THOMAS A. GAMMINO *et al. vs.* TOWN COUNCIL OF THE TOWN OF SOUTH KINGSTOWN *et al.*

JUNE 11, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a petition for a writ of certiorari brought against the members of the town council of the town of South Kingstown individually and as such members, against the building inspector of the town both in his official and individual capacities, and also against Indian Acres Realty

Corp., a Rhode Island corporation, to review a decision of the town council granting an amendment to the zoning ordinance. The writ was issued and in compliance therewith the requisite papers and records have been certified to this court.

From the petition it appears that on or about August 11, 1961 respondent Indian Acres Realty Corp., hereinafter called Indian Acres, filed an application requesting that the zoning map of the town be amended in accordance with the provisions of P. L. 1928, chap. 1298, sec. 3, as amended, by changing certain described real estate by it owned containing about 30 acres, being a portion of lot No. OL 14 on tax assessor's map No. 9-8, block No. 93, from a classification of residence B to business or commercial district. It stated therein that Indian Acres proposed to construct a drive-in theatre.

Following due notice and publication of a public hearing thereon, the town council held its regular session on October 9, which was continued to October 23, 1961, at which time it voted to grant the petition by enacting an ordinance changing the zoning classification of the premises in question from a residence to a business or commercial district.

The petitioners allege that the ordinance is in violation of P. L. 1950, chap. 2490, for various reasons therein set out.

Both parties in their briefs pose substantially as their first question the following: "Is certiorari the proper appellate procedure to review the actions of the town council in this case?"

The petitioners state that their petition was filed pursuant to the provisions of P. L. 1950, chap. 2490, sec. 9, which reads in part as follows:

> "Any person or persons, jointly or severally aggrieved by any ordinance or decision of said town council or decision of said zoning board of review made under the authority conferred by this act, may present to the supreme court a petition duly verified, setting forth

that such ordinance or decision is illegal or unreasonable in whole or in part and specifying the grounds of the illegality or unreasonableness. Such petition shall be presented to the court within 30 days after the making of such ordinance or decision. Upon presentation of such petition, the court may allow writ of *certiorari* directed to said town council to review such ordinance or decision or to said zoning board of review to review such decision."

The petitioners admit that ordinarily the action of a town council sitting as a purely legislative body is not reviewable on certiorari, citing *R. I. Home Builders, Inc.* v. *Hunt,* 74 R. I. 255. They then refer to *Beauregard* v. *Town Council,* 82 R. I. 244, in which the court held that the petitioner could not seek relief under sec. 9 as a person aggrieved by an ordinance, and also to *Lang* v. *Town Council,* 82 R. I. 361, where the court upheld the action of the town council in denying the petitioner's application to amend the zoning ordinance. See also *Community Home Builders, Inc.* v. *Town Council,* 83 R. I. 409.

Then in their brief they refer to *Bates* v. *Stiteley,* 84 R. I. 458, in which a petition for certiorari was brought under said sec. 9 to review the action of the town council of South Kingstown in enacting certain amendments to the zoning ordinance. It is clear from a reading of that case that a writ of certiorari was proper since the petitioners claimed that they were aggrieved under secs. 3 and 6 of said chapter 2490. The *Bates* case is the only one cited by petitioners to uphold their contention.

In the *Beauregard* case we said at page 245: "An examination of sec. 9, *supra,* discloses no provision therein which either in express language or by necessary implication gives a party, who considers himself aggrieved by any action of the town council in enacting, amending or repealing a zoning ordinance, a review of every such action as of right by certiorari. When the above section is construed in connection with the language of the whole act, the right of review

given by P. L. 1950, chap. 2490, sec. 9, to a person who considers himself aggrieved by a 'decision' of a town council is limited to alleged violations of secs. 3, 6 and 10 of the special enabling act."

Inasmuch as it has not been alleged or shown that there has been a violation of secs. 3, 6 or 10 of chap. 2490 we are of the opinion that the writ of certiorari herein was improvidently issued.

Since in the circumstances here certiorari does not lie, it is unnecessary to consider any other point argued by the petitioners.

The petition for certiorari is denied and dismissed and the restraining orders previously issued are vacated. The writ heretofore issued is quashed, and the papers certified to us are ordered returned to the respondent town council with our decision endorsed thereon.

*James DiPrete, Jr.,* for petitioners.

*William H. Leslie, Jr.,* Town Solicitor, for respondent Town Council.

*Letts & Quinn, Domenic A. DiSandro, Jr.,* for Indian Acres Realty Corp.